John R. Dudley
Plaintiff, Pro Se
4105 Norma Loop
West Richland, WA 99353
(509) 420-0882
johnrdudley@charter.net

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 23 2013

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. DUDLEY,<br><br>　　　　Plaintiff<br><br>vs.<br><br>LUCASFILM LTD., TWENTIETH CENTURY FOX FILM CORPORATION, INTERNATIONAL CREATIVE MANAGEMENT et al.,<br><br>　　　　Defendants. | COMPLAINT FOR INFRINGEMENT OF COPYRIGHT<br><br>NO. **CV-13-5107-RMP** |

I. Plaintiff.

    1. Plaintiff John R. Dudley maintains his principal residence in West

Richland, Washington.

1    Complaint For Infringement Of Copyright

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

II. Defendants.

2. Defendant Lucasfilm Ltd. is now, and at all times material hereto was, a corporation or other business entity organized and existing under the laws of the State of California, with a registered Secretary of State entity number of C0826382, and maintains its principal place of business in San Francisco, California.

3. Defendant Twentieth Century Fox Film Corporation is now, and at all times material hereto was, a corporation or other business entity organized and existing under the laws of the State of California, with a registered Secretary of State entity number of C1087812, and maintains its principal place of business in Los Angeles, California.

4. Defendant International Creative Management is now, and at all times material hereto was, a corporation or other business entity organized and existing under the laws of the State of California, with a registered Secretary of State entity number of C3064312, and maintains its principal place of business in Los Angeles, California.

5. The residence of defendant George Lucas is presently unknown to the plaintiff.

2    Complaint For Infringement Of Copyright

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

6. The residence of defendant Charles Floyd Johnson is presently unknown to the plaintiff.

7. The residence of defendant Rick McCallum is presently unknown to the plaintiff.

8. The residence of defendant Anthony Hemingway is presently unknown to the plaintiff.

9. The residence of defendant Aaron McGruder is presently unknown to the plaintiff.

10. The residence of defendant John Ridley is presently unknown to the plaintiff.

11. The defendants are collectively referred to herein as the defendants, infringers or tortfeasors.


III. Jurisdiction and Venue.

12. This Court has jurisdiction over this action pursuant to Title 17 of the United States Code and Section 1338(a) of Title 28 of the United States Code.

13. Federal jurisdiction is additionally invoked on the ground

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

3    Complaint For Infringement Of Copyright

1  that there is a complete diversity of citizenship between plaintiff and defendants,

2

3  and the amount in controversy exceeds $75,000.

4

5       14. Venue is proper in this judicial district pursuant to Section

6  1391 and Section 1400 of Title 28 of the United States Code because plaintiff

7

8  resides in this judicial district and each defendant may be found in this judicial

9  district.

10

11      15. Each defendant has sought, and derived, benefits from

12  doing business in the State of Washington and is, therefore, subject to personal

13

14  jurisdiction under the long-arm statute of the State of Washington, RCW

15  4.28.185, and the doctrine of purposeful availment.

16

17

18  IV. Creation and Copyright Protection of Original Work.

19      16. In 1996 plaintiff created, as his sole work, an original motion picture

20

21  screenplay entitled "Red Tails."

22      17. Plaintiff's screenplay, as above-identified, is referred to herein as the

23

24  screenplay or original work.

25      18. The screenplay was created by plaintiff, was wholly original with

26

27  plaintiff and is a copyrightable subject under the laws of the United States.

28

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

4   Complaint For Infringement Of Copyright

19. Plaintiff secured a registration of his screenplay from the Writers Guild of America West, Inc., bearing an effective date of September 16, 1996, under Registration No. 641317.

20. Plaintiff secured a registration of his screenplay from the Writers Guild of America West, Inc., bearing an effective date of November 19, 1996, under Registration No. 647499.

21. Plaintiff secured a registration of his screenplay from the Writers Guild of America West, Inc., bearing an effective date of April 30, 1998, under Registration No. 704431.

22. Plaintiff secured a registration of his screenplay from the Register of Copyrights of the Library of Congress, bearing an effective date of February 13, 2012, under Registration No. TXu 1-802-077.

23. From the time of plaintiff's creation of his screenplay, up to and including all material times hereto, plaintiff has complied in all respects with Title 17 of the United States Code and all other laws governing federal copyrights.

24. Plaintiff has secured the exclusive rights and privileges in and to the copyright of the original work referenced herein.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

5   Complaint For Infringement Of Copyright

V. Claims.

25. Commencing on or about January 20, 2012, within three years prior to the filing of this action, defendant Lucasfilm Ltd., having obtained access to plaintiff's screenplay, infringed plaintiff's copyright in such original work by releasing a motion picture entitled "Red Tails," referred to herein as the motion picture, and selling, distributing, licensing, making DVD copies of the motion picture and otherwise infringing plaintiff's original work.

26. Commencing on or about January 20, 2012, within three years prior to the filing of this action, defendant Twentieth Century Fox Film Corporation, having obtained access to plaintiff's screenplay, infringed plaintiff's copyright in such original work by releasing the motion picture, and selling, distributing, licensing, making DVD copies of the motion picture and otherwise infringing plaintiff's screenplay.

27. On or about October 16, 1996 plaintiff's entertainment attorney, Alexandra Denman, submitted plaintiff's original work to defendant International Creative Management, and thereafter, at a time and place unknown to plaintiff, such defendant improperly made plaintiff's screenplay available to one or more of the defendants named herein and/or others by failing to inform

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

6    Complaint For Infringement Of Copyright

such companies, entities, individuals and others of the true provenance of the copyrighted screenplay, thereby infringing plaintiff's original work.

28. Defendant George Lucas, the executive producer of the motion picture, copied from the original work.

29. Defendant George Lucas appropriated protectable content from the original work.

30. Defendant George Lucas has infringed the original work.

31. Defendant George Lucas exercised control or supervision over the infringing motion picture, has a financial interest in the infringement and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

32. Defendant Charles Floyd Johnson, a co-executive producer of the motion picture, copied from the original work.

33. Defendant Charles Floyd Johnson appropriated protectable content from the original work.

34. Defendant Charles Floyd Johnson has infringed the original work.

35. Defendant Charles Floyd Johnson exercised control or supervision over the infringing motion picture, has a financial interest in the infringement

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

7   Complaint For Infringement Of Copyright

and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

36. Defendant Rick McCallum, a co-executive producer of the motion picture, copied from the original work.

37. Defendant Rick McCallum appropriated protectable content from the original work.

38. Defendant Rick McCallum has infringed the original work.

39. Defendant Rick McCallum exercised control or supervision over the infringing motion picture, has a financial interest in the infringement and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

40. Defendant Anthony Hemingway, the director of the motion picture, copied from the original work.

41. Defendant Anthony Hemingway appropriated protectable content from the original work.

42. Defendant Anthony Hemingway has infringed the original work.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

8    Complaint For Infringement Of Copyright

43. Defendant Anthony Hemingway exercised control or supervision over the infringing motion picture, has a financial interest in the infringement and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

44. Defendant Aaron McGruder, a co-writer of the motion picture screenplay, copied from the original work.

45. Defendant Aaron McGruder appropriated protectable content from the original work.

46. Defendant Aaron McGruder has infringed the original work.

47. Defendant Aaron McGruder exercised control or supervision over the infringing motion picture, has a financial interest in the infringement and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

48. Defendant John Ridley, a co-writer of the motion picture screenplay, copied from the original work.

49. Defendant John Ridley appropriated protectable content from the original work.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

9    Complaint For Infringement Of Copyright

50. Defendant John Ridley has infringed the original work.

51. Defendant John Ridley exercised control or supervision over the infringing motion picture, has a financial interest in the infringement and/or has induced, caused or materially contributed to the infringing activity, and accordingly is personally liable for infringing the plaintiff's original work under the doctrines of vicarious liability and/or contributory infringement.

52. The defendants have engaged in unfair trade practices and unfair competition in connection with their sale, distribution, licensing and other marketing of the motion picture.

53. Plaintiff notified defendant Lucasfilm Ltd. in writing, on or about May 12, 2012, that the motion picture infringed plaintiff's original work of the same title, and demanded that defendant Lucasfilm Ltd. cease further infringement of plaintiff's original work by refraining from any further sale, licensing, distribution and other marketing of the motion picture.

54. Defendant Lucasfilm Ltd., in a letter by its counsel to plaintiff on or about June 11, 2012, argued that Lucasfilm Ltd. had not infringed plaintiff's original work and otherwise indicated that Lucasfilm Ltd. would not comply with plaintiff's demand to cease infringement.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

10  Complaint For Infringement Of Copyright

55. From the time of the release of the motion picture, commencing on or about January 20, 2012 up to and including all material times hereto, the defendants, as a collective ensemble of tortfeasors, have continuously been infringing plaintiff's copyright in his original work in violation of Title 17 of the United States Code and all other laws governing federal copyrights.

56. The defendants are jointly and severally liable.

57. Infringement of a registered copyright is a strict liability, federal tort, with the result that all corporate officers, employees and agents of the corporate defendants named herein who participated in the infringement are individually and personally liable without the benefit of a corporate veil.

VI. Infringement.

This section of the complaint particularizes certain discrete infringement, as follows:

58. Plaintiff's screenplay created a story about the black fighter pilots of World War II.

59. The original work is fictional and constitutes plaintiff's protectable expression, with the limited exception of certain historical facts.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

11  Complaint For Infringement Of Copyright

60. Content from the original work has been copied, lifted and otherwise stolen by the defendants in order to make the motion picture.

61. Plaintiff's story is comprised of a number of scenes, consisting of various incidents or events, and these scenes are aligned with other scenes which, when taken as a whole, form the entirety of the original work.

62. The infringers have copied scenes and other protectable content from the original work, and improperly used such scenes and other protectable content in the motion picture without license, permission or other authorization from the plaintiff.

63. The defendant's copying is not, generally speaking, verbatim in nature, but for the most part consists of crude, transparent and illegal alterations from plaintiff's original work in an apparent attempt to disguise the infringement.

64. The motion picture has an approximate screen time of 1:54.49.9.

65. Approximately eighty percent (80%) of the motion picture screen time includes, or otherwise derives from, the original work through the tortfeasor's extensive copying of content from such work, based upon the aggregate time of motion picture scenes containing some protectable expression from plaintiff's original work.

12  Complaint For Infringement Of Copyright

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

66. The motion picture does not, in effect, tell its own original story because it relies on the original fictional story lifted by the infringers from the original work, with the exception of several supporting storylines, or portions thereof, which have an aggregate screen time of approximately twenty percent (20%) of the motion picture.

67. The protagonist in the original work, Benjamin O. Davis, Jr. (Colonel Davis), was a leader of the black pilots during World War II.

68. The original work fictionally dramatizes Benjamin O. Davis, Jr. in a number of fictional events, incidents and encounters.

69. The infringers have copied Colonel Davis's fictional actions and dialogue from the original work, and placed such fictional content, or an alteration thereof, in the motion picture by splitting Colonel Davis into five motion picture characters: Colonel Bullard; Major Stance; Easy; Joe Little; and Deacon.

70. Colonel Bullard mimics Colonel Davis, for example, when Colonel Bullard reprimands one of his men, when he goes stateside to deal with a high-level problem and when he argues the black pilot's cause before top brass.

71. Major Stance imitates Colonel Davis, for example, when Major Stance conducts an audio-visual show in a darkened room for his pilots.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

72. Easy mimics Colonel Davis, for example, when Easy is flying alongside a black pilot who is shot down and killed.

73. Joe Little imitates Colonel Davis, for example, when Joe Little loses control of his emotions over years and years of racial discrimination and explodes in rage in front of some hostile, bigoted white officers, or when Joe Little makes and flies a toy plane.

74. Deacon mimics Colonel Davis, for example, when Deacon leads the squadron in group prayer and worship, but Colonel Davis's worship of "sweet Jesus" in the original work has been crudely altered so that Deacon worships "black Jesus" instead.

75. The plaintiff's original work referred to certain content from the 1925 Army War College Report, and the tortfeasors have copied this by referring to the same report and duplicating plaintiff's paraphrase of such report.

76. The flight leader in the original work, Colonel Davis, struggles to control a fictional personal demon, and the tortfeasors have copied this by afflicting the motion picture's flight leader, Easy, with such a personal demon.

77. The original work introduced a fictional character, General Barringer, a white officer, who is a friend of Colonel Davis and supportive of his cause,

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

14  Complaint For Infringement Of Copyright

and this fictional white officer is duplicated and cloned by the tortfeasors who have renamed him Colonel Tomlinson.

78. The original work introduces General Barringer in a fictional two-person meeting in a hallway of the War Department, and this scene is copied by the tortfeasors through their introduction of Colonel Tomlinson in a two-person meeting in the same hallway of the War Department.

79. General Barringer serves the role, through fictional storytelling, of providing support and encouragement from the white officer corps for Colonel Davis's cause, and this is copied by the tortfeasors because Colonel Tomlinson serves the same role in the motion picture as General Barringer serves in the original work.

80. The original work dramatized conflict between Colonel Davis's cause and the bigoted white officer establishment in a fictional scene set in a conference room in the War Department, with Colonel Davis sitting alongside General Barringer on one side of the table with prejudiced white officers sitting across the table from them, in which scene Colonel Davis and General Barringer fend off verbal attacks from the white officers based on an adverse report and negative media.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

15  Complaint For Infringement Of Copyright

81. The tortfeasors have copied the described scene from the original work by placing Colonel Tomlinson, who has been cloned from General Barringer, alongside Colonel Bullard, who has been cloned from Colonel Davis, facing the bigoted white officers (with the crude alteration of adding one extra bigoted white officer across the table), and closely tracking the narrative development in the original work as the bigoted white officers attack the black pilots over an adverse report and negative media.

82. The original work fictionally dramatizes a scene in which the entire ensemble of black pilots engage in prayer and worship before their first important escort mission, and this fictional ensemble scene of prayer and worship is duplicated by the tortfeasors.

83. The original work introduced a fictional white officer, General Locke, who plans missions and seeks Colonel Davis's help with those missions.

84. The tortfeasors have copied and cloned General Locke from the original work, renamed him General Luntz, and with his new name he serves the same role in the motion picture as General Locke serves in the original work.

85. The defendants have duplicated a fictional two-person meeting between Colonel Davis and General Locke from the screenplay, in which General Locke seeks the help of Colonel Davis's pilots to escort his bomber

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

16  Complaint For Infringement Of Copyright

planes, by closely tracking the fictional narrative development of the original

work, but with the crude alteration of changing General Locke's "bumble bees"

to General Luntz's "rabbits" as a description for the white escort pilots who

stray from bombers to chase Nazi fighter planes.

86. The original work dramatized a fictional scene in which Colonel

Davis put on an audio-visual show for his pilots in a darkened room to

demonstrate the need for his pilots to stay close to bomber planes during escort

support duty, and this fictional scene has been carefully copied by the infringers

and placed in the motion picture at the same point as it appears in the original

work.  In particular, the lights are turned back on at exactly the same time in

both the screenplay and the motion picture, and the pilots in both works bark

their war chant at the same time.

87. The original work introduced the fictional concept that angels will be

flying with the black pilots, and this has been duplicated by the infringers.

88. The original work introduced a fictional bomber pilot, Jake Ridpath,

who, in a fictional action sequence, had very low expectations from his black

escort pilots at the outset of a bomber run because of his deeply ingrained racial

prejudice toward black people as a race.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

17  Complaint For Infringement Of Copyright

89. The tortfeasors have copied and cloned the original work's Jake Ridpath, although he does not have a name in the motion picture, and placed him in the motion picture in the same fictional action sequence, where it is revealed through dialogue that he has very low expectations from his black escort pilots at the outset of a bomber run because he is racially prejudiced.

90. The original work dramatizes the evolution of Jake Ridpath's outlook from racial prejudice to one of acceptance and appreciation of the black pilots within this fictional scene as the result of the excellent escort work of the black pilots.

91. The tortfeasors have precisely tracked and duplicated the evolution of Jake Ridpath's outlook toward the black pilots within this fictional scene by having their corollary bomber pilot, Jake Ridpath's clone, reveal through dialogue that he is no longer racially prejudiced and that he is now accepting and appreciative of them (just like Jake Ridpath).  In particular, the camera goes inside the cockpit of the white bomber pilot to hear his words at the same time in both the screenplay and the motion picture, and the words of Jake Ridpath and his clone are almost exactly the same in the two works.

92. It is possible, in a general and hypothetical sense, that an original fictional work on the black pilots of World War II would introduce, develop and

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

18  Complaint For Infringement Of Copyright

dramatize a white character who evolves from being prejudiced to not being prejudiced.

93. It is not possible that all of the details from the original work pertaining to Jake Ridpath would also appear in the motion picture unless those details had been copied from the original work. These details include, but are not limited to, the following: Jake Ridpath is racially prejudiced at the beginning of a fictional bomber run; he looks out from his bomber plane cockpit and sees black pilots flying alongside him as escort pilots; Jake has very low expectations of them as a result of his racial prejudice; the black pilots stay close to the bombers; after the bombers drop their bombs we go back inside Jake's cockpit; he looks over at the black escort pilots; he comments that he is impressed by the black pilot's escort work, reflecting the fact that he is no longer racially prejudiced; and Jake says that he wants to fly with the black pilots again.

94. The defendant's infringement is revealed through their duplication of extensive details from the original work, including taking all material details pertaining to Jake Ridpath and placing of such details in the motion picture in the same sequential order.

95. The original work dramatizes a fictional action sequence about the fictional death of a fictional black fighter pilot.

19  Complaint For Infringement Of Copyright

JOHN R. DUDLEY
4108 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

96. The tortfeasors have copied every meaningful event, incident and detail from the original work's fictional sequence involving the death of a black pilot by inserting such events, incidents and details in the motion picture in the same sequential order as they appeared in the original work.  In particular, a lone Nazi fighter plane comes out of the clouds at the same time, the Nazi kills the black pilot at the same time and a black pilot barks an expletive at the same time.

97. The original work dramatized a fictional scene involving a memorial service for the black pilot who was killed, and the infringers have copied this scene by placing a memorial service for the dead pilot in the same place as such fictional scene appears in the original work.

98. The original work winds up with a fictional scene dramatizing a fictional recognition ceremony for the entire ensemble of the black squadron, and the tortfeasors have infringed plaintiff's copyright by lifting the original work's recognition ceremony and inserting it into the motion picture in the same place as it appears in the original work.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

20  Complaint For Infringement Of Copyright

VII. Damages.

99. Plaintiff alleges that defendants have generated revenues and earned profits from their infringing activities.

100. Plaintiff alleges that defendants have derived approximately $49,876,377 in revenue from the motion picture's domestic theatrical release.

101. Defendant's revenues from other sources is presently unknown to the plaintiff.

102. Plaintiff has suffered damages as the result of defendant's actions by, among other things, the diminution in value of plaintiff's copyright and civil rights in his original work.

VIII. Demand For Jury.

103. Plaintiff demands that this case be tried before a jury of twelve.

IX. Judgment and Enjoinment.

104. Plaintiff alleges that defendants will continue to distribute, sell, license and otherwise market the infringing motion picture.

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

21  Complaint For Infringement Of Copyright

105. The above-described actions of defendants have caused, and will continue to cause, plaintiff great and irreparable harm, for which there is no adequate remedy at law.

X. Prayer For Relief.

WHEREFORE, plaintiff requests judgment and relief against defendants as follows:

106. For preliminary and permanent injunctions enjoining defendants, including their agents, servants, employees, officers, directors, representatives, and persons acting in concert with or for them, from selling, distributing, marketing, conveying, transferring or otherwise making available to any other entity or person DVDs or otherwise infringing plaintiff's copyright in the original work.

107. For damages, pursuant Title 17 of the United States Code and other applicable statutes and provisions, according to proof.

108. For attorney's fees.

109. For costs of suit.

110. For such other and further relief as the Court deems just, equitable and proper.

22  Complaint For Infringement Of Copyright

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

1
2
3

### *Declaration*

4
5
6      The undersigned, JOHN R. DUDLEY, under penalty of perjury, hereby
7  declares and states that this COMPLAINT FOR INFRINGEMENT OF COPYRIGHT is
   true and correct to the best of his knowledge and belief.
8
9
10  DATED:                              SIGNED:
11
12
13  _September 23rd_____, 2013      _____
14                                      John R. Dudley
15                                      Plaintiff, Pro Se
                                        4105 Norma Loop
16                                      West Richland, WA 99353
17                                      (509) 420-0882
                                        johnrdudley@charter.net
18
19
20
21
22
23
24
25
26
27
28

JOHN R. DUDLEY
4105 NORMA LOOP
WEST RICHLAND, WA
99353
(509) 420-0882
johnrdudley@charter.net

23  Complaint For Infringement Of Copyright