1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

| | |
|---|---|
| JOHN R. DUDLEY,<br><br>                              Plaintiff,<br><br>        v.<br><br>LUCASFILM, LTD, et al.,<br><br>                              Defendants. | NO:  13-CV-5107-RMP<br><br>ORDER GRANTING IN PART DEFENDANT ICM PARTNERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

11

12       BEFORE the court is a motion to dismiss filed by Defendant International

13  Creative Management Partners LLC ("ICM Partners"), ECF No. 32.  The Court

14  heard oral argument on the motion.  Plaintiff is appearing in this action *pro se*.

15  ICM Partners is represented by Michael Brian Garfinkel and Nicholas Arnold

16  Manheim.  The Court has considered the briefing and the file, and is fully

17  informed.

18                                    BACKGROUND

19       Plaintiff John R. Dudley filed a Complaint *pro se* in this court alleging that

20  numerous defendants, including ICM Partners, infringed his copyright in making

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION ~ 1

the movie "Red Tails," by appropriating substantial portions of a screenplay he had written.  ECF No. 1.  ICM Partners is a talent and literary agency.  Plaintiff contends that his attorney sent a copy of his screenplay to ICM Partners and that ICM Partners then made the screenplay available to other defendants without informing them of the script's origins.  ECF No. 1 at 6-7.

Regarding the Court's personal jurisdiction over defendants, including ICM Partners, Plaintiff alleged in his Complaint that "[e]ach defendant has sought, and derived, benefits from doing business in the State of Washington and is, therefore, subject to personal jurisdiction under the long-arm statute of the State of Washington, RCW 4.28.185, and the doctrine of purposeful availment."  ECF No. 1 at 4.

Prior to filing an answer in this action, Defendant ICM Partners moved to dismiss Plaintiff's complaint for lack of personal jurisdiction and improper venue. ECF No. 32.

## DISCUSSION

ICM Partners contends (1) that Plaintiff's complaint should be dismissed for lack of personal jurisdiction; and (2) that if ICM Partners' motion to dismiss is

successful, it is additionally entitled to an award of attorney's fees under RCW 4.28.185(5).  Each of these issues is discussed in turn.[1]

**A. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) allows a party to bring a motion to dismiss asserting that the Court lacks personal jurisdiction to hear a claim.  In opposing a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Maverix Photo, Inc. v. Branch Techs. Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  When a defendant's motion to dismiss is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Id.*  The plaintiff may not rely only on the "bare allegations" of the complaint, but "uncontroverted allegations in the complaint must be taken as true."  *Id.*

Personal jurisdiction in this case would rely on the application of Washington state law because there is no federal statute authorizing service of process.  *See id.*  Washington's long-arm statute "extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment."  *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704

---

[1] The Court has liberally construed Plaintiff's pleadings in this matter because he is proceeding *pro se*.  *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

1   F.3d 668, 672 (9th Cir. 2012) (citing RCW 4.28.185; *Shute v. Carnival Cruise*

2   *Lines*, 113 Wn. 2d 763, 783 (1989)).

3          Under the Due Process Clause, assertion of personal jurisdiction over an out-

4   of-state party must comply with "traditional notions of fair play and substantial

5   justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

6   Personal jurisdiction may be satisfied through (1) "general or all-purpose

7   jurisdiction" or (2) "specific or case-linked jurisdiction." *Goodyear Dunlop Tires*

8   *Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

9          General jurisdiction may be exercised over an out-of-state corporation to

10  hear any and all claims involving that party "when their affiliations with the State

11  are so 'continuous and systematic' as to render them essentially at home in the

12  forum State." *Id.* (quoting *International Shoe*, 326 U.S. at 317).  Specific

13  jurisdiction depends on "an 'affilatio[n] between the forum and the underlying

14  controversy,' principally, activity or an occurrence that takes place in the forum

15  State and is therefore subject to the State's regulation." *Id.*

16         ICM Partners contends that Plaintiff can satisfy neither general nor specific

17  personal jurisdiction in this case.  Plaintiff does not appear to contend that the

18  Court has general jurisdiction over ICM Partners.  In his response briefing,

19  Plaintiff contends that the Court has personal jurisdiction over ICM Partners solely

20  due to its conduct relative to Plaintiff's action.  ECF No. 34 at 13-18.  Such

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION ~ 4

argument implicates only specific and not general personal jurisdiction. *See Brown*, 131 S. Ct. at 2851 ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."). Moreover, the Court concludes from its review of the record in this case that Plaintiff has not demonstrated "continuous and systematic" contacts that would give courts sitting in Washington general jurisdiction over ICM Partners. *See International Shoe*, 326 U.S. at 317; *see also King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) ("The standard for general jurisdiction is high.").

Thus, if Plaintiff is to establish that personal jurisdiction is proper over ICM Partners, he must do so by demonstrating specific jurisdiction. Specific jurisdiction is analyzed under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Plaintiff bears the burden of satisfying the first two prongs of the three-prong test. *Id.* If plaintiff established the first two prongs of the test, the burden then shifts to the defendant

to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).  The Court will examine each of these prongs in turn.

   *1.  Purposeful direction or availment*

      Under the first prong of the specific jurisdiction test, Plaintiff must demonstrate that ICM Partners either purposefully availed itself of the privilege of conducting activities in Washington State, or purposefully directed its activities towards Washington.  *See Schwarzenegger*, 374 F.3d at 802.  To demonstrate that a defendant has purposefully availed himself of the privilege of doing business in a forum state, the plaintiff must typically show "evidence of the defendant's actions in the forum, such as executing or performing a contract there."  *Id*.  To show that a defendant purposefully directed his conduct towards a forum state, a plaintiff must typically demonstrate "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of good originating elsewhere."  *Id.* at 803.  The purpose of this prong is to ensure that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts."  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King*, 471 U.S. at 475).

      Plaintiff has not even alleged that ICM Partners took any action in Washington State.  Plaintiff's allegations are that his attorney sent a letter to ICM

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 6

Partners' headquarters in California and that ICM Partners should have known that its actions would result in a film being distributed in Washington State.  Because Plaintiff has not alleged purposeful availment, he must demonstrate that ICM Partners purposefully directed its conduct towards Washington State.  *See id.* Purposeful direction is established where a defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Construing all uncontroverted allegations in the Complaint as true, Plaintiff could possibly establish that ICM Partners committed an intentional act by providing Plaintiff's screenplay to other defendants without informing them of the nature of the screenplay.  However, Plaintiff has not demonstrated that ICM Partners "expressly aimed" its alleged intentional act at the forum state.  The only aimed action alleged by Plaintiff is that Plaintiff's attorney sent a copy of his screenplay to ICM Partners in California.  The letter did not come from a Washington address and did not identify Plaintiff as being a resident of Washington.  The letter did not demonstrate any sort of express aiming on the part of ICM Partners.  Plaintiff's argument that ICM Partners should have known that a film would eventually be distributed in Washington State is insufficient to establish purposeful direction.  *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 7

U.S. 286, 295 (1980) ("foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause"); *Pebble Beach co. v. Caddy*, 453 F.3d 1151, 1156-58 (9th Cir. 2006) (mere foreseeable effect of defendant's conduct in forum state not sufficient to establish specific jurisdiction).

Plaintiff also has failed to demonstrate that ICM Partners caused harm that it knew was likely to be suffered in the forum state. As discussed above, Plaintiff has not demonstrated that ICM Partners even knew that Plaintiff was a resident of Washington. If ICM Partners did not even know that Plaintiff was a resident of Washington State, then it could not have foreseen that the brunt of harm was likely to be suffered in that state. Therefore, Plaintiff has not met his burden of establishing the first prong of the test for specific jurisdiction.

Although Plaintiff's failure to establish this prong is alone fatal to establishing personal jurisdiction, *see Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995), the Court will evaluate the remaining prongs of the test for the benefit of the *pro se* Plaintiff.

### 2. *Relationship of claim to defendant's forum-related activities*

This prong of the specific jurisdiction test is met where "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Plaintiff has also failed to satisfy this prong of the test. At best, Plaintiff has

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 8

1  established that but for his attorney having sent a screenplay to ICM Partners, the

2  cause of action would not have arisen.  But there is no connection between his

3  attorney having sent the screenplay to ICM Partners in California and Plaintiff's

4  chosen forum of Washington State.  ICM Partners directed no contacts at

5  Washington State, and the attorney's communication did not even identify Plaintiff

6  as a resident of that state.  The letter Plaintiff relies upon was sent from a law

7  office in California, with a California return address.  ECF No. 35 at 153.

8    *3.  Reasonableness of exercising jurisdiction*

9      The Ninth Circuit weighs seven factors in determining the reasonable of

10  exercising jurisdiction over a defendant:  "the extent of purposeful interjection; the

11  burden on the defendant to defend the suit in the chosen forum; the extent of

12  conflict with the sovereignty of the defendant's state; the forum state's interest in

13  the dispute; the most efficient forum for judicial resolution of the dispute; the

14  importance of the chosen forum to the plaintiff's interest in convenient and

15  effective relief; and the existence of an alternative forum."  *E.g.*, *Amoco Egypt Oil*

16  *Co. v. Leonis Nav. Co.*, 1 F.3d 848, 851 (9th Cir. 1993).

17      Even if Plaintiff could establish the first two prongs of the specific

18  jurisdiction test, which he cannot, ICM Partners has met its burden of establishing

19  that a Washington court exercising personal jurisdiction over it would be

20  unreasonable.  Plaintiff did not respond to ICM Partners' argument on this prong

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION ~ 9

and the record establishes that ICM Partners did not purposefully interject itself

into Washington; that ICM Partners would face a considerable burden to defend

itself in Washington as it has no office or employees stationed in Washington; that

California has a greater interest in this case than Washington because most of the

parties reside in California rather than Washington; that adjudicating the case in

California would be much more efficient because most of the evidence and

witnesses are located in California and not Washington; that Plaintiff would

receive no additional benefit from having a remedy administered by a court in

Washington; and that other forum would have personal jurisdiction over ICM

Partners, particularly near its principal place of business in California.

All three prongs of the specific jurisdiction test are lacking in this instance,

and ICM Partners' motion to dismiss for lack of personal jurisdiction is therefore

granted.

## B. Attorney's Fees

Washington's long-arm statute, RCW 4.28.185(5), authorizes an award of

attorney's fees for an out-of-state defendant who prevails on jurisdictional grounds.

*Scott Fetzer Co. v. Weeks*, 114 Wn. 2d 109 (1990) (*Fetzer I*).  An award under this

statute is discretionary and limited to the amount necessary to compensate an out-

of-state defendant for the added costs of litigating in Washington.  *Id.* at 120-21.

In considering a fee award under this statute, a court should "balance[] the dual

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION ~ 10

purposes of recompensating an out-of-state defendant for its reasonable efforts while also encouraging the full exercise of state jurisdiction." *Scott v. Fetzer Co. v. Weeks*, 122 Wn. 2d 141, 149 (1993) (*Fetzer II*).  Where fees are awarded, the court should apply the "lodestar" approach where a reasonable hourly rate is multiplied by the number of hours reasonably expended on the matter.  *Fetzer I*, 114 Wn. 2d at 124.

ICM Partners requests an award of attorney's fees incurred in defending Plaintiff's action.  However, ICM Partners has not yet submitted any documentation of the hours it has expended or its hourly rate.  The Court will consider an award of attorney's fees, but ICM Partners must provide itemized documentation of its fees incurred and Plaintiff shall have an opportunity to respond before a fee award is imposed.

Accordingly, IT IS HEREBY ORDERED:

1. ICM Partners' "Motion to Dismiss Plaintiff's Complaint," **ECF No. 32**, is **GRANTED IN PART** consistent with the terms of this Order;

2. Within 14 days of the date of this order, ICM Partners shall submit an itemized list of hours expended in this matter along with an accounting of its hourly rate;

3. Plaintiff shall have 21 days after the mailing of ICM Partners' submission to file a response consistent with Local Rule 7.1(b)(2)(A);

4.  ICM Partners shall have 7 days after the filing of Plaintiff's response to reply consistent with Local Rule 7.1(c)(2)(B).

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se plaintiff John R. Dudley.

**DATED** this 18th day of March 2014.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING IN PART ICM PARTNERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 12